**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

**MARY M. GREENE,**

                      **Petitioner,**

**v.**                                      **CIVIL ACTION NO.  6:08-cv-00294**

**ADRIAN HOKE, Warden,
Lakin Correctional Center,**

                      **Respondent.**

**ORDER**

       Pending before the court is the respondent's Motion for Summary Judgment [Docket 8].

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for

submission to this court of Proposed Findings of Fact and Recommendation ("PF&R") pursuant to

20 U.S.C. § 636(b)(1)(B).  On November 14, 2008, the Magistrate Judge submitted her PF&R

[Docket 14] and recommended that I grant the respondent's Motion for Summary Judgment and

deny as moot the respondent's Motion to Dismiss, contained in the respondent's Memorandum of

Law in Support of Respondent's  Motion for Summary Judgment [Docket 9].  Having reviewed the

Magistrate Judge's report under the applicable standards, I **ADOPT** the Magistrate Judge's findings.

I **GRANT** the respondent's Motion for Summary Judgment.  Because I am granting the Motion for

Summary Judgment, I do not consider the respondent's Motion to Dismiss, which I, therefore,

**DENY AS MOOT**.

**I. Background and Procedural History**

In August 2004, the petitioner, Mary M. Greene, was convicted by the Circuit Court of Wood County, West Virginia, of four counts of uttering, and she pled guilty to an additional count.  (PF&R 2.)  The petitioner was convicted of stealing checks from Jeffrey and Sherri Smith's mailbox in Washington, West Virginia, and passing them with Sherri Smith's signature at two Wal-Mart locations, Office Depot, and Lowes.  (*Id.* at 10-11.)  Receipts for three of these four transactions were found in the petitioner's purse during a search of her residence.  (*Id.*)  Also found during the search were items matching those purchased, including a laptop computer and software.  (*Id.* at 11-12.)

The petitioner was sentenced to four consecutive terms of one to ten years each, and one concurrent term of one to ten years.  (*Id.*)  Her conviction was appealed to the Supreme Court of Appeals of West Virginia and was denied.  (Mem. Supp. Mot. Summ. J. 2.)  She then filed a petition for writ of habeas corpus in the Circuit Court of Wood County.  (*Id.* at 3.)   From that denial, she petitioned the Supreme Court of Appeals for appeal, which was refused.  (*Id.*)

On May 6, 2008, the petitioner filed a Petition for Writ of Habeas Corpus with this court [Docket 2].  The petitioner asserts various claims for relief.  First, the petitioner alleges that the police officer lacked jurisdiction to search her apartment or to arrest her, and that her defense counsel provided ineffective assistance of counsel because he failed to investigate the police officer's lack of jurisdiction.  Second, she alleges that the evidence was insufficient to support a guilty verdict because she was convicted with evidence that was gained pursuant to an unconstitutional search and seizure.  Third, the petitioner asserts that the trial court erred in denying her motion for a mistrial, which was based on a statement by the investigating police officer that

could have allowed the jury to infer that the petitioner had a prior criminal record.  Fourth, the petitioner alleges that the affidavit used to obtain the search warrant was insufficient.  Fifth, she challenges the grand jury proceeding and states that her sentence is excessive and disproportionate to the severity of the offense charged.  Finally, the petitioner claims that these alleged trial errors were cumulative, and her sentences should, therefore, be vacated.  (Pet. 5-6.)  On June 27, 2008, the respondent filed a Response [Docket 7], a Motion for Summary Judgment, and a Memorandum in Support of that Motion, in which the respondent also moved to dismiss the case.  After the Magistrate Judge submitted the PF&R, the petitioner filed her Objections [Docket 18].

## II.  Legal Standard for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor . . . ."  *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The

nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. Discussion

The petitioner objects to the Magistrate Judge's report in its entirety. Therefore, I must review the PF&R *de novo.* 28 U.S.C. § 636(b)(1).

### A. Alleged Factual Errors

The petitioner first objects to the Magistrate Judge's "factualiz[ing the state's] allegations as being the truth of the matter" and lists five instances where the Magistrate Judge accepted as true information from the record. (Obj. 2-3.) Because these facts have been fully and fairly litigated by the Circuit Court of Wood County, West Virginia, I **FIND** these objections to be without merit.

### B. Objections to the Magistrate Judge's Findings

#### a. Lack of Jurisdiction

The petitioner alleges that the Parkersburg police officer who conducted the search of the petitioner's apartment and arrested her did not have jurisdiction outside the city limits of Parkersburg, West Virginia. (Pet., Brief 1-2.) The Magistrate Judge found that the petitioner had not demonstrated that the police officer lacked jurisdiction or that the officer's conduct violated the petitioner's federal constitutional rights. (PF&R 22.) The petitioner objected, stating that "none of the elements of the crime occurred within the . . . City of Parkersburg." (Obj. 5.) However, at the state habeas hearing in the Circuit Court of Wood County, the planning director for the City of Parkersburg testified that the stores where three of the checks were passed had been annexed by the City prior to the crimes. (Mot. Summ. J., Ex. 9 74-82; *see also* Pet., Ex. 1a.) Furthermore, Mr. Smith filed his complaint at the Parkersburg Police Department, and the checks were drawn on Mr.

Smith's bank account at a BB&T bank with various locations within the city of Parkersburg. (PF&R 21-22 (citing Mot. Summ. J., Ex. 6 5-6).) I **FIND** that the petitioner has failed to demonstrate that Parkersburg police officer lacked jurisdiction for the search of the petitioner's apartment and the arrest of the petitioner. I also **FIND** that the petitioner has not demonstrated that the state courts' decisions denying her habeas corpus relief on this claim were contrary to, or an unreasonable application of, clearly-established federal law, and the respondent is entitled to judgment as a matter of law on this issue.

### b. Ineffective Assistance of Counsel

The petitioner admits that she did not assert any specific facts to support her claim of ineffective assistance of counsel in her Petition, even though she listed this claim as a ground for habeas relief. (Obj. 6.) She requests leave to assert such facts in the Objections. (*Id.*) Those facts were never presented in her state habeas petition. The state habeas court found that

> [the p]etitioner has failed to identify any specific actions taken by trial counsel . . . which were so unreasonable that no other reasonable attorney would have acted in such a way . . . or state any specific actions taken by trial counsel . . . which had it not been for [trial counsel] making such unprofessional errors would have caused a different result in [the] underlying felony case.

(PF&R (quoting Mot. Summ. J., Ex. 6 4).) For that reason, I will not consider them now. Accordingly, I **FIND** that the state courts' decisions denying the petitioner habeas corpus relief on this claim were neither contrary to, nor an unreasonable application of, clearly-established federal law, and the respondent is entitled to judgment as a matter of law on this issue.

### c. Sufficiency of the Evidence

The petitioner alleges that the evidence presented at her trial was insufficient to support her convictions. (PF&R 24.) She asserts, among other things, that (1) evidence was admitted contrary

to the best evidence rule; (2) the items found in her apartment could not be positively identified as those purchased with the stolen checks; and (3) that the store clerk's identification of the petitioner was not definite. (Obj. 9-27.) The relevant question in a federal habeas proceeding reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The reviewing court does not evaluate the credibility of witnesses or retry the evidence. *See Wright v. West*, 505 U.S. 277, 296 (1992); *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

As the Magistrate Judge noted, the evidence is ample to support the petitioner's conviction. (PR&F 29.) At trial, the store clerk at Office Depot positively identified the petitioner as the person who purchased a laptop computer and other items with a stolen check. (Mot. Summ. J., Ex. 8 180, 183-84.) Several, if not all, items purchased at Office Depot with a stolen check were found in the petitioner's apartment. (*Id.*, Ex. 8-217-19; Pet., Ex. 8.) Copies of receipts and checks and still photographs from a Lowe's security tape were admitted into evidence. (Pet., Ex. 10; Mot. Summ. J., Ex. 8 201-03; 231.) To the extent that the petitioner raises a federal constitutional challenge and not simply challenges to matters of state evidence law, I **FIND** that the petitioner has failed to show that no rational trier of the fact could have found the petitioner guilty. Accordingly, I **FIND** that the state courts' decisions denying habeas corpus relief on this claim were neither contrary to, nor an unreasonable application of, clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on the petitioner's claim that there was insufficient evidence to support her convictions.

### d. Search and Seizure Issues

The petitioner alleges that evidence used to convict her was obtained during a search and seizure of her home that was based on an insufficient affidavit.  (Pet., Brief 26-27.)  However, this issue was fully and fairly litigated by the trial court.  (*See* Mot. Summ. J., Ex. 8.)  Further, the legality of the search and seizure was reviewed by the Supreme Court of Appeals of West Virginia in its refusal of the petitioner's petition for appeal (*see id.*, Ex. 4 16), during a Circuit Court of Wood County habeas hearing (*see id.*, Ex. 9), and the upon petition for appeal to the Supreme Court of the state habeas denial.  (*see id.*, Ex. 7).   "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial."   *Stone v. Powell*, 428 U.S. 465, 482 (1976).  Because these claims have been fully and fairly litigated, I **FIND** that the petitioner's fourth amendment claims are not cognizable in federal habeas corpus, and the respondent is entitled to judgment as a matter of law on these issues.

### e.  Motion for Mistrial

The petitioner asserts that the trial court erred in denying a motion for a mistrial made by the petitioner's counsel during the testimony of the investigating police officer.  (PF&R 32.)  During the trial, the police officer who arrested the petitioner stated in response to a question by the defense counsel asking "if he had taken any handwriting samples [from the petitioner] to compare with the handwriting on the checks . . . that he <u>already had some in his office and did not take any on that day</u>."  (Pet., Brief 12-13.)  The petitioner asserts that this statement was prejudicial to her.  (*Id.*)  In her Objections, the petitioner also argues that the failure to declare a mistrial violated Federal Rule

of Evidence 404(b).[1] (Obj. 30-32.) Moreover, the petitioner "contends that the state court's decision [not to declare a mistrial] was *clearly* a misapplication of federal rules and therefore, not fairly litigated, and . . . violative of her **DUE PROCESS** and **EQUAL PROTECTION** [rights]." (*Id.* at 32.)

Because the state habeas court did not address this claim, the federal courts "must independently review the record and the applicable law" using a deferential standard of review, to determine only whether the state court's decision is legally and factually reasonable. *Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000). A state court applies its state's evidentiary and procedural rules rather than federal rules. "[I]n considering federal habeas corpus issues involving state evidentiary rulings, '[federal courts] do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008) (quoting *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000)).

The Circuit Court fully and fairly considered the petitioner's motion for a mistrial and denied that motion. (Mot. Summ. J. Ex. 8 252-55.) As was noted in the trial transcripts during discussion of the motion, defense counsel elicited the police officer's statement, and there was "no specific

---

[1]    Federal Rule of Evidence 404(b) states that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

reference to other charges or criminal misconduct." (*Id.*, Ex. 8 254.) Furthermore, ample evidence was presented at trial to support the petitioner's conviction without the police officer's allegedly prejudicial testimony. To the extent that the petitioner is raising a constitutional claim, I **FIND** that the Circuit Court's failure to declare a mistrial or issue cautionary instructions to the jury was harmless and did not impair the trial's fundamental fairness. Therefore, I **FIND** that the respondent is entitled to judgment as a matter of law on this issue.

### f. Challenges to Grand Jury Proceedings

The petitioner raises several claims regarding the grand jury proceedings that led to her indictment. ( PF&R 35.) Because there is no federal constitutional right to a grand jury review before trial in a state proceeding, (*Hurtado v. California*, 110 U.S. 516, 534-35 (1884)), and any defect in a grand jury proceeding is rendered harmless by jury conviction, (*United States v. Mechanik*, 475 U.S. 66, 73 (1986)), I **FIND** that the respondent is entitled to judgment as a matter of law on this issue.

### g. Excessive Sentence

The petitioner argues that her sentences are excessive and disproportionate to the severity of her crimes. (PF&R 37.) The petitioner was sentenced to one to ten years each for four counts of uttering to run consecutively. (Mem. Supp. Mot. Summ. J. 2.) The petitioner pled guilty to an additional count and was sentenced to one to ten years to run concurrently with the other sentences for this count. (*Id.*) The petitioner asserts that she essentially was sentenced as a recidivist even though she pled guilty to one of the five counts specifically to avoid being so sentenced. However, the Supreme Court has noted that "federal courts should be 'reluctan[t] to review legislatively mandated terms of imprisonment' [and] 'successful challenges to the proportionality of particular

sentences' should be 'exceedingly rare.'"   *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 274 (1980)).  The petitioner was sentenced within the statutory limit set by the West Virginia Legislature for the crime of uttering.  *See* W. Va. Code § 61-4-5(a).  The petitioner admits that she was not sentenced as a recidivist.  (Obj. 37.)  Habeas relief already has been denied to the petitioner by both the Circuit Court of Wood County and the Supreme Court of Appeals of West Virginia on this claim.  (PF&R 3-6; 36-39.)  I **FIND** that the petitioners has not demonstrated that her sentences constitute cruel and unusual punishment, that they were grossly disproportionate, or that they violated her constitutional rights in any way.  Accordingly, I **FIND** that the state courts' decisions denying habeas corpus relief on this issue were neither contrary to, nor an unreasonable application of, clearly-established federal law, and the respondent is entitled to judgment as a matter of law on this issue.

### h. Cumulative Error

Finally, the petitioner claims that all the above "errors," even if not individually sufficient to grant habeas relief, should be considered errors that, as a whole, prevented her from receiving a fair trial.  (Obj. 39.)  However, a "cumulative-error analysis evaluates only effect of matters determined to be error, not cumulative effect of non-errors."  (*Fisher v. Angeleone*, 163 F.3d 835, 853 (4th Cir. 1998) (quoting *Jones v. Stotts*, 59 F.3d 143, 147 (10th Cir. 1995)).  In *Fisher*, the Court of Appeals for the Fourth Circuit noted that "[h]aving just determined that none . . . could be considered constitutional error, . . . it would be odd, to say the least, to conclude that those same actions, when considered collectively, deprived [the petitioner] of a fair trial."  *Id.* at 852.  I already have found that none of the errors alleged by the petitioner are constitutional errors.  Therefore, I

**FIND** that the petitioner was not denied a fair and impartial trial, and the respondent is entitled to judgment as a matter of law on this issue.

**III.  Conclusion**

Having conducted *de novo* review of the PF&R, I **FIND** that the petitioner's objections lack merit, and the respondent is entitled to judgment as a matter of law on all of the issues raised in the petitioner's objections.  Accordingly, I **ADOPT** the Magistrate Judge's proposed findings.   I **GRANT** the respondent's Motion for Summary Judgment [Docket 8] and **DENY AS MOOT** the respondent's Motion to Dismiss [Docket 9].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2009

Joseph R. Goodwin, Chief Judge

-11-